IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTHONY LUJAN,

    Plaintiff,

v.                                                                                 Case No. 24-cv-0468-WJ-KRS

ALISHA TAFOYA, *et al*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Anthony Lujan's Amended Prisoner Civil Rights Complaint (Doc. 2, supplemented by Docs. 4, 5) (together, the "Complaint"). Also before the Court is his Motion for Injunction (Doc. 14). Plaintiff is incarcerated, *pro se,* and proceeding *in forma pauperis*. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915(e), the Court will deny injunctive relief; dismiss the Complaint; and grant leave to amend.

## BACKGROUND

This case arises from Plaintiff's arrest and incarceration following the revocation of his state probation. He was arrested on December 25, 2023 for a probation violation. *See* Doc. 4 at 2. The Complaint alleges the revocation proceeding was defective because the state court failed to hold a "full hearing" within 30 days. *Id.* at 2-3. The Complaint also focuses on Plaintiff's time in prison. He was originally housed in a "normal classification" prison. *See* Doc. 2 at 3. Thereafter, he was transferred to the Guadalupe County Correctional Facility (GCCF), a Level-3 facility where he mixed with prisoners at all classification levels (*i.e.,* levels 1-6). *Id.* Plaintiff alleges GCCF is unsafe and that at least one inmate has been stabbed in the past. *Id.* He further alleges prison

officials retaliated against him for filing this lawsuit. *See* Doc. 5 at 1-2.

Construed liberally, the Complaint raises 42 U.S.C. § 1983 claims for due process violations, unsafe conditions of confinement, false imprisonment, and retaliation. The Complaint also raises various state claims for negligence, abuse of process, abuse of power, etc. Plaintiff seeks at least $500,000 in damages from: (1) New Mexico Corrections Department Director Alisha Tafoya; (2) the State of New Mexico Probation and Parole Board; (3) GCCF Warden C. Wilken; and (4) GCCF Unit Manager J. Jocobo. *See* Doc. 2 at 2-3. Plaintiff obtained leave to proceed *in forma pauperis* and paid the initial filing fee. The matter is therefore ready for initial review under 28 U.S.C. § 1915(e).

## STANDARDS GOVERNING INITIAL REVIEW

Section 1915(e) of Title 28 requires the Court to conduct a *sua sponte* review of all *in forma pauperis* complaints. The Court must dismiss any such complaint that is frivolous, malicious, or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e). The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less

stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110.  While *pro se* pleadings are judged by the same legal standards that apply to represented litigants, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* However, it is not the "proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*

## DISCUSSION

Plaintiff's federal constitutional claims are analyzed under 42 U.S.C. § 1983, the "remedial vehicle for raising claims based on the violation of constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016).  "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law."  *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000).  The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998).  There must also be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.  Essentially, "a successful § 1983 complaint must make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008).

Applying these standards, the Complaint does not state a cognizable § 1983 claim.  The allegations fail to connect any specific Defendant to the wrongdoing. *See Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013) ("the plaintiff's ... passive-voice [allegations] showing that his

rights 'were violated' will not suffice [to state a claim]. Likewise insufficient is a plaintiff's more active-voice yet undifferentiated contention that 'defendants' infringed his rights."). To the extent Plaintiff intends to sue any entity or supervisory defendant based on a theory of *respondeat superior*, such liability is not available under § 1983. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). Prison supervisors and entity-defendants are only liable under § 1983 where the plaintiff shows: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011) (addressing prison supervisors). *See also Dubbs v. Head Start, Inc.,* 336 F.3d 1194, 1216 (10th Cir. 2003) (applying the same standard to entity-defendants). There are no facts showing any prison supervisor or entity defendant promulgated a policy/custom that caused a constitutional violation. The claims against each Defendant are therefore subject to dismissal under Rule 12(b)(6) and 28 U.S.C. § 1915(e).

Alternatively, even if the allegations connected each Defendant to the wrongdoing, the Complaint fails to demonstrate a constitutional violation. Plaintiff's primary concern is that state officials transferred him to an unsafe prison. Such claim implicates the Due Process Clause and the Eighth Amendment.

As to the due process claim, the Supreme Court has held that "the Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson v. Austin*, 545 U.S. 209, 221–22 (2005). *See also Schell v. Evans*, 550 Fed. App'x 553, 557 (10th Cir. 2013) (Plaintiff does not have a constitutional right to dictate where he is housed or

4

his classification within a facility). Moreover, "changing an inmate's prison classification ... ordinarily does not deprive him of liberty, because he is not entitled to a particular degree of liberty in prison." *Sawyer v. Jefferies*, 315 Fed. App'x 31, 34 (10th Cir. 2008) (citations omitted). Plaintiff has not alleged that his transfer imposed any atypical and significant hardship in relation to the ordinary incidents of prison life. *See Wilkinson*, 545 U.S. at 22-–24 (finding atypical and significant hardship in transfer to supermax facility where all human contact prohibited, conversation not permitted, lights on 24-hours-a-day, exercise allowed for only one hour per day in small indoor room, indefinite placement with annual review, and disqualification of otherwise eligible inmate for parole consideration). The Complaint therefore fails to raise a due process claim in connection with the transfer to GCCF.

To demonstrate the conditions at GCCF violate the Eighth Amendment, the allegations must show: "(1) the conditions of [Plaintiff's] incarceration present an objective substantial risk of serious harm' and (2) 'prison officials had subjective knowledge of the risk of harm." *Requena v. Roberts*, 893 F.3d 1195, 1214 (10th Cir. 2018) (quotations omitted). The objective component is not met in this case. The Complaint merely alleges an inmate was stabbed at some point in the past and that inmates with different classification levels are housed together. The Complaint also fails to allege any Defendant "knows of and disregards an excessive risk to inmate … safety." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994) (noting "the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference"). The Complaint therefore fails to state an Eighth Amendment violation.

With respect to the § 1983 claim for false imprisonment, the Complaint must allege facts showing Plaintiff was detained without lawful authority or legal process. *See Wallace v. Kato,* 549

U.S. 384, 389 (2007). An inmate cannot maintain a false imprisonment claim against any official who incarcerated him pursuant to a criminal judgment or revocation order, even where he maintains the judgment/order contains an error. *See McNally v. Colorado State Patrol,* 13 Fed. App'x. 806, 808 (10th Cir. 2001) (*Heck* precludes false imprisonment claims where the prisoner is confined pursuant to a lawful conviction/court order). The Complaint contains insufficient factual detail to show any Defendant incarcerated Plaintiff without a valid revocation order. At most, the Complaint points to defects in the state revocation proceeding. Plaintiff must challenge the revocation order through a habeas corpus proceeding, rather than a civil rights action. *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (habeas corpus is the sole federal remedy when state prisoner seeks any relief that "would necessarily demonstrate the invalidity of confinement or" his conviction).

Plaintiff also alleges GCCF officials retaliated against him for filing this lawsuit. *See* Doc. 5. To state a claim for First Amendment retaliation, Plaintiff must allege: "(1) that he was engaged in constitutionally protected activity; (2) that the defendants' actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendants' adverse action was substantially motivated as a response to his exercise of constitutionally protected conduct." *Hinkle v. Beckham Cnty. Bd. of Cnty. Comm'rs*, 962 F.3d 1204, 1227 (10th Cir. 2020). The Complaint does not meet this standard because, as noted above, the alleged facts fail to allege any Defendant took any specific action, including steps to retaliate against Plaintiff. There are also no allegations that any specific action was substantially motivated by this lawsuit.

For these reasons, the Complaint fails to state a cognizable claim under 42 U.S.C. § 1983. The Court will dismiss the Complaint without prejudice pursuant to 28 U.S.C. § 1915(e) and Rule

6

12(b)(6). The Court will also deny the Motion for Injunction (Doc. 14) without prejudice to refiling. Plaintiff cannot demonstrate he is likely to succeed on the merits of his claims, in light of the instant dismissal. *See Kikumura v. Hurley*, 242 F.3d 950, 955 (10th Cir. 2001) (To obtain an injunction, a movant must clearly establish: (1) a substantial likelihood of success on the merits; (2) irreparable injury to the movant if the injunction is denied; (3) the threatened injury to the movant outweighs the injury to the other party; and (4) the injunction is not adverse to the public interest).

The Tenth Circuit counsels that *pro se* plaintiffs are ordinarily given an opportunity to remedy defects attributable to their ignorance of federal law, unless amendment would be futile. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff may file a single, amended complaint within thirty (30) days of entry of this ruling. The amendment will supersede the current pleadings and must include all claims Plaintiff wishes to raise. The Court will defer ruling on whether to exercise supplemental jurisdiction over any state law claims in the amended complaint until after reviewing the federal claims. If Plaintiff fails to timely amend or files another complaint that fails to state a cognizable federal claim, the Court may dismiss the federal claims with or without prejudice. The Court may also decline to exercise supplemental jurisdiction over any state law claims and dismiss those claims without prejudice.

**IT IS ORDERED** that Plaintiff's Motion for Injunction (**Doc. 14**) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that all federal claims in Plaintiff's Amended Prisoner Civil Rights Complaint (**Doc. 2,** supplemented by **Docs. 4, 5**) are **DISMISSED without prejudice** for failure to state a cognizable claim under 28 U.S.C. § 1915(e) and Rule 12(b)(6); and within thirty

7

(30) days of entry of this ruling, Plaintiff shall file an amended complaint as set forth above.

**SO ORDERED**.

/s/
_____
HON. WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE