IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTHONY LUJAN,

    Plaintiff,

v.                                             Case No. 24-cv-0468-WJ-KRS

ALISHA TAFOYA, *et al*,

    Defendants.

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Anthony Lujan's failure to amend his 42 U.S.C. § 1983 complaint to state a plausible claim for relief. Plaintiff is incarcerated, *pro se,* and proceeding *in forma pauperis*. The original Complaint (Doc. 2, supplemented by Docs. 4, 5) challenges Plaintiff's arrest and incarceration following the revocation of his state probation. The original Complaint alleges the revocation proceeding was defective because the state court failed to hold a "full hearing" within 30 days after the arrest. *See* Doc. 4 at 2-3. The original Complaint also alleges prison officials transferred Plaintiff from a "normal classification" prison to a Level-3 facility, where he mixed with prisoners at all classification levels. *See* Doc. 2 at 3. According to Plaintiff, his new prison is unsafe, and prison officials retaliated against him for filing this lawsuit. *See* Doc. 5 at 1-2.

The original Complaint raises 42 U.S.C. § 1983 claims for due process violations, unsafe conditions of confinement, false imprisonment, and retaliation. The original Complaint also raises various state claims for negligence, abuse of process, abuse of power, etc. Plaintiff seeks at least $500,000 in damages from: (1) New Mexico Corrections Department Director Alisha Tafoya; (2)

the State of New Mexico Probation and Parole Board; (3) GCCF Warden C. Wilken; and (4) GCCF Unit Manager J. Jocobo. *See* Doc. 2 at 2-3.

By a ruling entered August 15, 2025, the Court reviewed the original Complaint and determined it fails to state a cognizable 42 U.S.C. § 1983 claim. *See* Doc. 15 (Screening Ruling); *see also* 28 U.S.C. § 1915(e) (requiring a *sua sponte* review of *in forma pauperis* complaints to determine whether the claims are viable). The Screening Ruling explains the allegations fail to connect any specific Defendant to the wrongdoing or establish a basis for supervisory liability. *See* Doc. 15 at 4-7. Alternatively, even if the allegations connected each Defendant to the wrongdoing, the original Complaint fails to demonstrate a constitutional violation. *Id*. The Screening Ruling further explains that Plaintiff must challenge any revocation judgment through a 28 U.S.C. § 2254 proceeding, rather than a civil rights proceeding under 42 U.S.C. § 1983. *See McNally v. Colorado State Patrol,* 13 Fed. App'x. 806, 808 (10th Cir. 2001) (the *Heck* doctrine precludes certain § 1983 claims where the prisoner is confined pursuant to a lawful conviction/court order).

For these reasons, the Court dismissed all federal claims in the original Complaint pursuant to 28 U.S.C. § 1915(e) and Fed. R. Civ. P. 12(b)(6). Consistent with *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), the Court permitted Plaintiff to amend within thirty (30) days of entry of the Screening Ruling. The Court deferred ruling on whether to exercise supplemental jurisdiction over any state claims until after reviewing the amendment. *See Brooks v. Gaenzle*, 614 F.3d 1213, 1229-30 (10th Cir. 2010) (federal courts should generally decline to exercise supplemental jurisdiction over a state-law claim if no viable federal claims remain). The Screening Ruling warns that if Plaintiff fails to timely comply, the Court may dismiss this case without further notice.

The deadline to file an amended complaint expired on September 15, 2025. Plaintiff did not comply, show cause for such failure, or otherwise respond to the Screening Ruling. The Court will therefore dismiss this case and enter final judgment. The dismissal will be without prejudice because the Screening Ruling relies on the *Heck* doctrine and because the Court is not exercising supplemental jurisdiction over any state law claims. *See Higgins v. City of Tulsa, Oklahoma*, 103 Fed. App'x 648, 651-52 (10th Cir. 2004) ("[W]hen a § 1983 claim is dismissed under *Heck*, the dismissal is without prejudice"); *Brooks*, 614 F.3d 1229-30 (addressing supplemental jurisdiction).

**IT IS ORDERED** that this case, including each claim in Plaintiff Anthony Lujan's Prisoner Civil Complaint (Doc. 2, supplemented by Docs. 4, 5) is **DISMISSED without prejudice** for the reasons stated above; and the Court will enter a separate judgment closing the civil case.

**SO ORDERED**.

/s/
_____
HON. WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE